BORRÁS, MUÑOZ & CO., PLAINTIFFS AND APPELLEES, *v.* MATTA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Cancelation of Mortgage.

No. 2483.—Decided May 11, 1922.

MORTGAGE—PAYMENT—CANCELATION.—In this case the mortgagor and the mortgagee, for the purpose of securing the payment of a certain sum of money, covenanted as follows: " * * * which sum, with interest thereon at ten per cent annually, the mortgagor firm agrees to pay within two years from the date of this deed, promising to deposit with the firm of Hijos de J. Bird y León of this city all of the receipts (expenses deducted) from the public shows which may be given in the previously described theatre on the day after each show; and the mortgagor firm hereby empowers Hijos de J. Bird y León to deliver monthly to the mortgagee, Bird Arias, the money deposited, taking receipts therefor, etc." *Held:* That the stipulation quoted can have no other construction than that the mortgagee agreed that the mortgagor partnership should pay its debt by depositing with the firm of Hijos

de J. Bird y León all of the net receipts obtained from the shows given in the theatre, to be delivered monthly, to the mortgagee, Bird Arias, by the depositary, and that the debt having been paid in the manner agreed upon, it must be considered as made to the mortgagee and the mortgagor is entitled to the cancelation of the mortgage.

The facts are stated in the opinion.

Mr. *Juan B. Soto* for the appellant.

Mr. *J. Texidor* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The firm of Borrás, Muñoz & Company built a theatre in Fajardo and on January 10, 1917, executed a mortgage deed in favor of Arturo C. Bird Arias. The first clause thereof, which is the only one that we need now consider, reads as follows:

"The civil partnership of Borrás, Muñoz & Company, represented herein by its managing partners, acknowledges that it owes to Arturo C. Bird Arias the sum of $5,370.65 which he has advanced to the partnership for the purpose of financing the construction of the building described and its appurtenances, which sum, with interest thereon at ten per cent annually, the debtor firm agrees to pay within two years from the date of this deed, promising to deposit with the firm of Hijos de J. Bird y León of this city all of the receipts (expenses deducted) from the public shows which may be given in the said theatre on the day after each show; and the debtor firm hereby empowers Hijos de J. Bird y León to pay monthly to the said Bird Arias the money deposited, taking receipts therefor; and it is also agreed that the monthly payments to the creditor shall also bear interest at the rate of ten per cent per annum, it being understood that until the debt is fully paid the partners can not dispose of any sum whatever to be deducted from their future profits."

In 1920 the said firm of Borrás, Muñoz & Company brought an action against María Matta Quiñones, widow of Arturo C. Bird, as his sole testamentary heir, praying that she be adjudged to execute a deed of cancelation of the said mortgage and pay the costs and attorney fees and alleging as a ground therefor that in compliance with the stipulations of the said deed the plaintiffs deposited from time to time

certain sums of money in cash with the partnership of Hijos de J. Bird y León sufficient to cover the amount of the principal and interest thereon at the rate of ten per cent per annum, thereby making full satisfaction of the debt and interest thereon within the two years agreed upon in the deed, notwithstanding which the defendant refuses to cancel the mortgage. The defendant denied these allegations and after trial judgment was rendered against the defendant, who raised the present appeal.

There is no question between the parties that the debtor firm deposited with the mercantile partnership of Hijos de J. Bird y León various sums of money sufficient to cover the principal of the mortgage and interest at the stipulated rate, for the issue in this action is whether such deposits are payments made to the creditor, a consequence of which is the cancelation of the mortgage. For this reason the trial court correctly understood that the questions to be decided are the following: First, what was the agreement of the parties as to the manner and form of payment? Second, did the debtor make payment in accordance with that agreement? These are the real questions arising from the judgment appealed from, although the appellant assigns errors in connection with some of the grounds on which the court based its judgment.

In the decision of this appeal it is necessary to take into consideration the said first clause of the contract between the parties, for if its terms are clear and leave no room for doubt regarding the intention of the parties, we must abide by it, according to section 1248 of the Civil Code, in determining whether the delivery of the said sums by the debtor firm to Hijos de J. Bird y León is a payment of the debt to Arturo Bird Arias.

In that clause the parties first specify the balance of the debt of Borrás, Muñoz & Company to Arturo C. Bird Arias and then go on to say that the debtor firm agrees to

pay the said sum with interest at ten per cent annually within
two years from the date of the deed, promising to deposit
with the firm of Hijos de J. Bird y León all of the receipts
(expenses deducted) from the shows ⁎ ⁎ ⁎, and the
debtor firm empowers Hijos de J. Bird y León to pay monthly
to creditor Bird Arias the money deposited, taking receipts
therefor.

According to the wording of that stipulation, the parties
agreed that the debtor firm should pay its debt by depositing
with the partnership of Hijos de J. Bird y León all of the
net receipts obtained from the shows given in the theatre,
to be delivered monthly to the mortgagee, Bird Arias, by the
depositary, and such delivery was expressly authorized by
the mortgagor. Therefore, the obligation of the mortgagor
in this case with regard to the mortgagee was, by common
consent, to make a series of deposits of money with the firm
as agreed upon by the parties until the whole debt was paid,
the mortgagor having authorized the depositary to deliver
monthly to the mortgagee the money on deposit. In other
words, the mortgagee agreed that the debt should not be
paid directly to him or in a lump sum, and that the mort-
gagor should from time to time deposit the theatre receipts
to be delivered to him monthly by the depositary; and al-
though in the deed it is not stated that the mortgagee au-
thorized Hijos de J. Bird y León to receive in his name such
sums as the mortgagor deposited, nevertheless the wording of
the stipulation under consideration can be given no other con-
struction than that the mortgagee agreed that the depositary
should receive in his name and for delivery to him such sums
as were deposited; therefore, the mortgagor having paid
the whole amount of the principal with interest thereon at
the agreed rate by the several deposits of money made with
Hijos de J. Bird y León for delivery to the mortgagee, Ar-
turo C. Bird Arias, application must be given to section 1130
of the Civil Code, according to which payment may be made

to a person whom the creditor has authorized to receive it in his name. It is true that in authorizing Hijos de J. Bird y León to deliver to the mortgagee the money deposited the mortgagor required that the said firm should take receipts for money delivered monthly, but the requirement of these receipts, which were intended to furnish the depositary with proof of the monthly payments made to Arturo C. Bird, does not show that the depositary was not empowered to receive payment in the name of the mortgagee.

As the terms of the contract are clear and leave no room for doubt as to the intention of the parties, it was not necessary in construing it to look into matters extraneous thereto, and therefore the admission of other evidence tending to show the intention of the parties by these acts contemporary and subsequent to the contract, did not prejudice the defendant, for without considering such evidence we can decide and do decide as to the intention of the parties.

By virtue of the foregoing we may conclude by saying that inasmuch as Arturo C. Bird agreed that the mortgagor should pay his debt by depositing the money with Hijos de J. Bird y León and it was paid with interest in that manner, the result is that Borrás, Muñoz & Company paid the debt secured by the mortgage and have a right to the cancelation of the mortgage as well as to the allowance of costs and attorney fees as made by the court below and in which we see no error.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.